16680

STATE v. McCRAY

(73 S. E. (2d) 1)

*Mr. F. Ehrlich Thomson,* of Columbia, *for Appellant,*

*Messrs. T. C. Callison, Attorney General,* and *Daniel R. McLeod, Assistant Attorney General,* of Columbia, *for Respondent,*

November 5, 1952.

STUKES, Justice.

Appellant pleaded guilty to the charge of criminal libel at the June, 1950, term of General Sessions of Newberry County. Sentence was imposed in now pertinent part as follows:

"The sentence of the Court is that the defendant, John H. (C?) McCray, be confined at hard labor upon the public works of Newberry County for a term of one year or for a like term in the State Penitentiary, and pay a fine of $5,000-.00; provided that upon the payment of $3,000.00 that the balance of the aforesaid sentence be and the same is hereby suspended and that the said defendant is hereby placed on probation for a period of three years under the supervision of the South Carolina Probation and Parole Board and its officers, subject to the provisions of the laws of this State and the rules and orders of the Board and its officers, with leave that the suspended sentence may be revoked at any time during the period of probation, at Chambers, or in open Court upon recommendation of said Board.

"That as conditions of probation the aforesaid shall:

"(a)   *   *   *
"(b)   *   *   *
"(c)   *   *   *
"(d)   *   *   *
"(e)   *   *   *
"(f)   *   *   *
"(g)   *   *   *
"(h)   Remain within the State of S. C. (unless given permission by the S. C. Probation and Parole Board).
"(i)   *   *   *
"(j)   *   *   *

"Special conditions as ordered by the Court:   *   *   *."

By warrant of the director of the Parole Board, dated August 8, 1951, appellant was charged with violation of the conditions of probation by leaving the State on visits to Chicago, Ill., in October 1950, and Durham, N. C., in November 1950. Upon appearance before the court, with counsel, appellant admitted making the out of State trips without even applying for permission of the Board, but contended that they were brief business trips which he did not understand were violations. Appellant is a newspaper editor and his testimony in the record evinces education and intelligence.

By order dated August 14, 1951, the court required that appellant serve sixty days of the original sentence of one year at hard labor whereupon probation should be again effective without deduction of the period of confinement. His appeal therefrom makes three contentions, as follows: (1) that the temporary absences from the State did not constitute violations of the probationary sentence; (2) if so, they were technical violations and the partial revocation of probation was an abuse of the discretion of the court; and (3) the sentence imposed was cruel and excessive.

Point (3), the last stated above, is overruled with minimum of discussion because the propriety of the sentence is not before us; there was no appeal from it. On the contrary, appellant accepted the alternative probation, and had the terms of it explained to him, to which he assented in writing. *State v. Gleaton,* 172 S. C. 300, 174 S. E. 12; *State v. Pelley,* 221 N. C. 487, 20 S. E. (2d) 850. Moreover, there was no effort to raise the point in the lower court in this proceeding, so it is unavailable to appellant for that reason also. If the exception upon which this contention is based be considered as directed to the partial revocation under review, it need only be said that it is manifestly lenient. The facts required revocation which might have been complete. There lay the discretion of the court, which will be further treated in the disposition of point (2), infra.

Appellant's first question, that his brief excursions outside the State were not inconsistent with the condition of his probation that he remain within the State, is without merit. The language is too clear to admit of construction other than that it means what it plainly says. It is entirely unambiguous. There appears to be no exact precedent in this court but analogy is found in the line of cases, reviewed and followed in State v. Barnes, 32· S. C. 14, 10 S. E. 611, 6 L. R. A. 743, opinion by Justice McIver. Executive pardons upon condition that the recipients depart the State and not return were held forfeit in the several cases and the respective sentences were ordered to be enforced—capital punishment in State v. Smith, 1 Bailey 283. It appears not to have been even contended in any of these cases that the return to the State was a brief business or other visit and, therefore, not in violation.

An interesting parallel, but under less strong facts against appellant than in this case, is United States v. Maisel, 3 Cir., 183 F. (2d) 724, 726, which concerned the deportation of an alien and construed the phrase "left the United States". The appellant in that case sailed from an American port to Manila; the ship made a round-trip voyage, did not enter the harbor and appellant never left the ship, but returned with it to the United States. It was flatly held that he had left the country within the meaning of the statute. Previous federal decisions had construed the phrase "left the United States" as meaning "departed from" the United States.

The authorities cited by appellant are not in conflict with the foregoing, or even persuasive to the contrary. It is obvious that the purpose of the condition in question was to keep the probationer within the jurisdiction of the court and under the surveillance of the board. To serve the purpose it must, of course, be enforced.

Appellant's only remaining contention, point (2), which is that there was an abuse of discretion on the part of the court in the requirement that one-sixth

of the original time sentence be served, is likewise untenable. Revocation of probation or parole, in whole or in part, is the means of enforcement of the conditions of it; and in the absence of capricious or arbitrary exercise, the discretion of the .revoking court will not be disturbed on appeal. Nothing appears to invalidate it here. *State v. White,* 218 S. C. 130, 61 S. E. (2d) 754; *State v. Clough,* 220 S. C. 390, 68 S. E. (2d) 329.

The exceptions are overruled.

Affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.