## 20808

Azero SHANNON and Martha Shannon, Respondents, v. John YOUNG, Chief of Police, City of Greenwood, South Carolina and The State of South Carolina, Appellants.

(248 S.E. (2d) 914)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William T. Jones, Jr.,* Greenwood, *for appellants.*

*Lincoln C. Jenkins, Jr.,* Columbia, *for respondents.*

November 14, 1978.

LITTLEJOHN, Justice.

In this appeal we are concerned with the authority of the court to terminate a probationary sentence prior to the date indicated in the original sentence.

On February 13, 1975, the respondents, Azero Shannon and Martha Shannon, entered guilty pleas to charges of unlawful possession and sale of alcoholic beverages in violation of what is now § 61-13-10, *Code of Laws of South Carolina* (1976). This statute declares the unlawful sale, barter, exchange, storage and keeping in possession of certain liquors to be a common nuisance. The offenses occurred in the City of Greenwood on respondents' business premises known as The Royal Casino.

Presiding Circuit Judge Rodney A. Peeples sentenced the respondents to prison terms of three years, but suspended the sentences after service of six months or after the payment of fines of $250.00 each, and placed them on probation for a period of five years. The fines were paid. The sentences included the following provision:

"SPECIAL CONDITIONS AS ORDERED BY THE COURT: Royal Casino declared a nuisance, closed and padlocked this date. Owners can remove goods under supervision of Police department."

The court was adjourned *sine die* on the day following the imposition of the sentences.

Two years later, on February 16, 1977, Resident Circuit Judge Francis B. Nicholson, at the instigation of the probation officer, without notice to either the city or the state, issued an order terminating the sentences and discharged respondents from probationary supervision.

Some eight months later, on October 13, 1977, Judge Nicholson issued a rule to show cause, directing Chief of Police John Young of the City of Greenwood to show cause why an order should not be issued declaring the special condition quoted above void because it violated the property rights guaranteed the respondents under the fifth amendment of the United States Constitution and Article I, Section 3 of the Constitution of South Carolina.

In the court below and on this appeal, Chief of Police Young, represented by State's counsel, takes the position that Judge Nicholson erred (1) in granting the termination order of February 16, 1977, without notice to the State, (2) in granting the order terminating the probation after the expiration of the term of court at which the sentences were imposed, and (3) in granting an order declaring null and void the oral injunctive order of Judge Peeples. In actuality, the essence of Judge Peeples' oral order is incorporated into the probationary sentences. In argument counsel for the State admits that the padlocking of the building was a condition of the probationary sentences and, accordingly, the directive to padlock the building ends with the termination of probation.

In making our ruling we are controlled by two sections of the South Carolina Probation, Parole and Pardon Law as found in Chapter 21 of the 1976 Code. A portion of § 24-21-430 reads as follows:

"Conditions of probation.

The court shall determine and may impose by order duly entered and *may at any time modify* the conditions of probation and may include among them any of the following or any other.

[Here several standardized requirements are set out.]"
(Emphasis added.) Section 24-21-440 reads as follows:

"Period of probation; discharge.

The period of probation or suspension of sentence shall not exceed a period of five years and shall be determined by the judge of the court and may be continued or extended within the above limit. *Upon the satisfactory fulfillment of the conditions of probation or suspension of sentence the court shall by order duly entered discharge the defendant."* (Emphasis added.)

It is clear that the court has much discretionary authority in dealing with guilty persons who are in a probationary status. We are of the opinion that Judge Nicholson, being the court at the moment, had the authority upon a proper showing of "satisfactory fulfillment" to terminate the probationary sentences. It is an authority which the court should exercise with much circumspection. There is no contention on this appeal that the showing of the probation officer was not sufficient to warrant the relief granted.

Inasmuch as Judge Nicholson had authority to terminate the sentences, the padlocking condition of the probation expired with the remainder of the court's sentences.

The contention that the State or City authority should have been notified prior to the action of the judge becomes moot in light of the fact that a full hearing was held before Judge Nicholson issued his final order. In that order all issues were reviewed by him, after counsel had full opportunity to be heard, and his previous directive was reaffirmed.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.