## 2472

The STATE, Respondent v. Jerome ARCHIE, Appellant.

(470 S.E. (2d) 380)

Court of Appeals

*Chief Attorney Daniel T. Stacey,* of the *South Carolina Office of Appellant Defense,* of Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Assistant Deputy Attorney General Salley W. Elliott,* and *Chief Legal Counsel Carl N. Lundberg,* of the *South Carolina Depart-*

*ment of Probation, Parole and Pardon,* all of Columbia, *for re-spondent.*

Heard Dec. 5, 1995.

Decided Mar. 4, 1996; Reh. Den. May 23, 1996.

HOWELL, Chief Judge:

This is an appeal from a probation revocation hearing in which Jerome Archie had his suspended sentence revoked in full. Archie assigns error to the trial judge for basing the revocation on citations issued by the Probation Department (the Department) that alleged violations of conditions imposed subsequent to his original sentence. Archie was originally sentenced on May 21, 1990 and again on February 11, 1991. Each time, Archie was sentenced to five-years in prison suspended on five years probation.

In October, 1992, Archie allegedly violated probation by failing to report, which led to an administrative hearing. At the hearing, the Department's administrative hearing officer imposed these additional conditions on Archie's probation: (1) intensive supervision before and after in-patient treatment; (2) home detention until admitted for substance abuse treatment—preferably at the Salvation army; (3) perform 10 days public service; (4) secure employment within 30 days after treatment; (5) defer supervision fee payments until in-patient treatment completed, payment plan for arrearage to be determined by agent; and (6) complete aftercare substance abuse treatment as recommended.

On December 16, 1994, the circuit court judge presiding over a probation revocation hearing questioned the probation agent regarding Archie's failure to comply with home detention, and questioned Archie on his continued use of crack cocaine, a violation of his original conditions of probation. The circuit court judge revoked probation in full.

Archie argues the added conditions of probation, including the home detention, amounted to an unconstitutional enhancement of his original sentence. We agree. The Department has no authority to enhance a probationer's sentence. Revocation of probation is the means of enforcement of the conditions of the probation. This court will not disturb the circuit court's decision to revoke probation un-

less the decision was influenced by an error of law, was without evidentiary support, or constituted an abuse of discretion. *State v. White*, 218 S.C. 130, 61 S.E. (2d) 754 (1950). However, we conclude the revocation, based at least in part on Archie's failure to comply with conditions imposed by the Department, was error.

The Department argues pursuant to S.C. Code Ann. § 24-21-430 (Supp. 1995) it has the authority to add conditions to Archie's sentence. Section 24-21-430 provides "[t]he court shall determine and may impose . . . and may at anytime modify the conditions of probation. . . ." The Department argues a broad reading of this section extends the authority conferred on the court to the department. In support of this argument, the department maintains that S.C. Code Ann. § 24-21-280 (Supp. 1995) authorizes them to "use practicable and suitable methods to aid and encourage persons on probation or parole to bring about improvement in their conduct and condition" and provides that a probation agent is an "official representative of the court" for purposes of accomplishing this objective.

This argument ignores the doctrine of separation of powers. The South Carolina Constitution provides:

> In the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other.

S.C. Const. art. 1, § 8. The Department is a component of the executive branch. The hearing officer who heard evidence on Archie's violation was performing an administrative function of the Department in the nature of a preliminary hearing to determine if probable cause existed to proceed to a revocation hearing before a circuit court judge.

The Department also argues former Chief Justice Harwell of the South Carolina Supreme Court authorized the imposition of conditions in a letter to all South Carolina circuit court judges. We conclude the letter provides no authority to impose new conditions of probation. Chief Justice Harwell was merely attempting to inform the trial bench of a new program, instituted by the Department, of providing preliminary hearings for probation violations. The letter provides:

Under the program, an alleged probation violator is provided a preliminary hearing before an administrative hearing officer shortly after the probation revocation warrant or citation is served. This hearing officer determines if there is probable cause to believe that a violation has occurred. If not, the alleged violator is released from custody. If probable cause exists, the case proceeds to a *de novo* probation [revocation] hearing . . . before a circuit court judge.

\*       \*       \*       \*       \*

[T]his program has resulted in more uniformity regarding how probation violations are handled; has provided a mechanism to allow alleged violators to be released from custody where there is insufficient evidence of a violation; and has allowed the parties an opportunity to agree to forms of restraint short of incarceration *which can be proposed to the circuit court* (emphasis added).

The fact that the probationer and the Department can agree on sanctions does not change the nature of these proceedings. Clearly judicial action is required for final disposition, and the Department's attempt to do anything other than withdraw the citation or submit it to the circuit court is an unconstitutional exercise of power.

Although subject to statutory and constitutional restrictions, the imposition of sentences is a judicial function. *State v. De La Cruz*, 302 S.C. 13, 393 S.E. (2d) 184 (1990); 16 C.J.S. *Constitutional Law* § 173 (1984). Exercise of this function by the hearing officer, a member of the executive branch of the government, violated the doctrine of separation of powers. *Cf. Williams v. Bordon's, Inc.*, 274 S.C. 275, 262 S.E. (2d) 881 (1980) (the granting of continuances is a judicial function which cannot be exercised by the legislative branch of the government).

Accordingly, for the foregoing reasons, we reverse the probation revocation and remand for a new hearing in accordance with this opinion.

CURETON and GOOLSBY, JJ., concur.