526 S.E.2d 741

The **STATE**, Respondent,

v.

**Terry KNAPP**, Appellant.

**No. 3100.**

Court of Appeals of South Carolina.

Submitted Dec. 7, 1999.

Decided Jan. 17, 2000.

Chief Attorney Daniel T. Stacey, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

PER CURIAM:

Terry Knapp appeals, challenging the revocation of her probation. She argues the trial court abused its discretion in not following the recommendation of a hearing officer of the South Carolina Department of Probation, Parole, and Pardon Services who had conducted a preliminary hearing into allegations Knapp had violated the terms of her probation. The hearing officer suggested Knapp be incarcerated until admitted into an inpatient treatment program for drug abuse. The hearing officer's recommendation followed findings by the officer, which Knapp does not contest on appeal: that she had failed to notify her supervising agent of a change of residence as required; that she had failed to comply with her substance abuse counseling; that she had failed to refrain from using illegal drugs; that she had failed to notify her agent of an arrest for criminal domestic violence; and that she had failed

to report for an administrative hearing on September 8, 1998. We affirm.[1]

The court of appeals will not set aside a circuit court's decision to revoke probation unless the decision was influenced by an error of law, was without evidentiary support, or constituted an abuse of discretion.[2] A circuit judge is not required to accept the recommendation of a hearing officer who conducts a preliminary hearing for probation violations.[3] The question of whether a defendant's probation should be revoked in whole or in part is committed to the circuit court's sound discretion.[4]

**AFFIRMED.**

HOWELL, C.J., GOOLSBY, and HEARN, JJ., concur.

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rules 215 and 220(b)(2), SCACR.

2. *State v. Archie,* 322 S.C. 135, 470 S.E.2d 380 (Ct.App.1996).

3. *See Moore v. Stamps,* 507 S.W.2d 939 (Mo.Ct.App.1974) (a judicial officer in determining whether to revoke probation is not bound by findings and recommendations of probation officer); *cf. State v. Hamilton,* 333 S.C. 642, 511 S.E.2d 94 (Ct.App.1999) (a circuit judge is not bound by an agreement between a defendant's counsel and the defendant's probation officer).

4. S.C.Code Ann. § 24–21–460 (Supp.1998); *Hamilton,* 333 S.C. at 647, 511 S.E.2d at 96.