564 S.E.2d 372

**The STATE, Respondent,**

v.

**Walter Laranzo LEE, Appellant.**

**No. 3499.**

Court of Appeals of South Carolina.

Heard April 9, 2002.

Decided May 20, 2002.

---

Charles L. Anderson, of Kenyon, Lusk & Anderson, of Anderson, for appellant.

Deputy Director for Legal Services Teresa A. Knox, Legal Counsel Tommy Evans, Jr., and Legal Counsel J. Benjamin Aplin, all of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for respondent.

ANDERSON, J.

Walter Laranzo Lee appeals from an order of the trial court revoking his probation. He initially pled guilty to resisting arrest-assault on officer and was sentenced to five years in prison. In addition, Lee pled guilty to assault and battery with intent to kill ("ABIK"). He was sentenced to ten years, suspended upon the service of five years probation. The judge ordered the probation to begin *"upon [Lee's] release from sentence now serving [for resisting arrest], to include any early release program/supervision."* Lee was paroled. Soon after, Lee violated his probation and the judge revoked three years of the original ten year suspended sentence,

converted the restitution owed to a civil judgment, and terminated probation. Lee appeals. We affirm.

## FACTS/PROCEDURAL BACKGROUND

In October 1996, Lee was indicted with resisting arrest-assault on officer. In June 1997, Lee was indicted for ABIK and possession of a weapon during the commission of a violent crime. On December 3, 1997, Lee pled guilty to the resisting arrest charge and was sentenced to five years in prison. The next day, Lee pled guilty to the ABIK charge and was sentenced to ten years, suspended upon the service of five years probation. The possession charge was *nol prossed.* In its Probation Order, the court ruled Lee's probation "[b]egins upon release from sentence now serving, to include any early release program/supervision." Lee did not appeal his convictions or sentences.

On March 29, 2000, Lee was paroled on his resisting arrest conviction. Pursuant to the December 4, 1997 probation order, Lee's probation on his ABIK conviction started on March 29, 2000. Lee was on parole and probation at the same time, each with the standard conditions, such as maintaining suitable employment, and the special conditions of intensive supervision with electronic monitoring, participation in a substance abuse program, random drug screening, and attendance at a mental health program. Further, Lee was required to pay restitution, fines, supervision fees, and the electronic monitoring fee.

On May 4, 2000, Lee was charged with violating: (1) various conditions of his parole; and (2) various conditions of his probation. Five days later, Lee was served with both warrants. In August 2000, he appeared at a parole violation hearing before the South Carolina Board of Probation, Parole and Pardon Services ("the Board"). The Board found Lee had violated six conditions of his parole and continued Lee on parole with additional conditions of supervision. Almost one month after his parole violation hearing, Lee appeared at a probation violation hearing. The circuit judge concluded Lee had willfully violated the conditions of his probation. He revoked three years of the original ten year suspended sen-

tence, converted the restitution owed to a civil judgment, and terminated probation.

## ISSUES

I.  Did the Circuit Court abuse its discretion in revoking Lee's probation?

II. Did the Circuit Court have subject matter jurisdiction to revoke Lee's probation?

## STANDARD OF REVIEW

This Court will not disturb the Circuit Court's decision to revoke probation unless the decision was influenced by an error of law, was without evidentiary support, or constituted an abuse of discretion. *State v. Archie,* 322 S.C. 135, 470 S.E.2d 380 (Ct.App.1996); *see also State v. White,* 218 S.C. 130, 135, 61 S.E.2d 754 (1950) (stating that upon review of revocation of probation, question is not one of formal procedure respecting either notice, specifications of charges or trial thereon, but is simply whether trial court abused its discretion; review therefore must be determined in accordance with principles governing exercise of judicial discretion). The decision to revoke probation is addressed to the discretion of the circuit judge. *White,* 218 S.C. at 134–35, 61 S.E.2d at 756; *State v. Proctor,* 345 S.C. 299, 546 S.E.2d 673 (Ct.App.2001); *State v. Hamilton,* 333 S.C. 642, 511 S.E.2d 94 (Ct.App.1999). A reviewing court will only reverse this determination when it is based on an error of law or a lack of supporting evidence renders it arbitrary or capricious. *Proctor,* 345 S.C. at 301, 546 S.E.2d at 674. The court has much discretionary authority in dealing with guilty persons who are in a probationary status. *Shannon v. Young,* 272 S.C. 61, 248 S.E.2d 914 (1978).

## LAW/ANALYSIS

### I.  Revocation of Probation

■ This issue may not be preserved for review. At the probation revocation hearing, Lee noted the prior parole revocation hearing and the Board's decision to continue him on parole. However, he did not argue the Board's decision somehow bound the Circuit Court to make a like decision in the probation matter. Rather, Lee conceded several proba-

tion violations and offered explanations for his failure to comply with the conditions. An issue must be raised to and ruled upon by the trial judge to be preserved for appellate review. *State v. Perez,* 334 S.C. 563, 514 S.E.2d 754 (1999); *State v. Williams,* 303 S.C. 410, 401 S.E.2d 168 (1991).

■ Lee contends that the "circuit judge abused his discretion and that the decision to revoke his probation was arbitrary and capricious." In his brief, he argues:

The violations alleged in the violation of probation arrest warrant issued on May 4, 2000 were identical to the violations alleged in the violation of parole arrest warrant issued that same date.....

. . .

We are now faced with a Circuit Court and a Parole Board, whose functions are virtually identical in the area of determining whether a criminal defendant should be allowed to serve his or her sentence outside of the walls of our prison system, each reaching a different decision on the same alleged facts. It is the Appellant's contention that the Circuit Court's decision to revoke his probation, after a thorough review of the facts by the Parole [B]oard determined no revocation was warrant[ed], was an abuse of discretion, was arbitrary and capricious, and warrants a reversal by this Court.

■ We find Lee's argument is meritless. In the absence of capricious or arbitrary exercise, the discretion of the court in revoking probation will not be disturbed on appeal. *State v. McCray,* 222 S.C. 391, 73 S.E.2d 1 (1952). Revocation of probation, in whole or in part, is the means of enforcement of the conditions of the probation. *Id.; see also State v. White,* 218 S.C. 130, 61 S.E.2d 754 (1950) (stating that on review of revocation of probation, question is not one of formal procedure respecting either notice, specifications of charges or trial thereon, but is simply whether trial court abused its discretion and must be determined in accordance with principles governing exercise of judicial discretion, which implies conscientious judgment, not arbitrary action, takes account of law and particular circumstances, and is directed by judge's reason and conscience to just result); *State v. Archie,* 322 S.C. 135, 470 S.E.2d 380 (Ct.App.1996) (holding this Court will not

disturb circuit court's decision to revoke probation unless decision was influenced by error of law, was without evidentiary support, or constituted abuse of discretion). The court has much discretionary authority in dealing with guilty persons who are in a probationary status. *Shannon v. Young,* 272 S.C. 61, 248 S.E.2d 914 (1978).

■ "Probation is a matter of grace; revocation is the means to enforce the conditions of probation." *State v. Hamilton,* 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct.App.1999) (citing *McCray* and *State v. White* ). However, the authority of the revoking court should always be predicated upon an evidentiary showing of fact tending to establish a violation of the conditions. *Id.* (citing *White* and *State v. Miller,* 122 S.C. 468, 115 S.E. 742 (1923)). Thus, before revoking probation, the circuit judge must determine if there is sufficient evidence to establish the probationer has violated his probation conditions. *Id.* at 648–49, 511 S.E.2d at 97. Once the determination is made that a probationer has violated the conditions of his probation, the circuit judge can require the probationer to serve all or a portion of the sentence originally imposed. S.C.Code Ann. § 24–21–460 (1989).

At the probation revocation hearing, Lee admitted violating several conditions of his probation including: (1) failing to pay supervision fees; (2) failing to pay restitution; (3) failing to comply with substance abuse treatment; and (4) failing to comply with electronic monitoring. Defense counsel claimed that, despite these violations, "locking [Lee] back up" was not the solution to Lee's problems. Instead, defense counsel asked the court to restructure Lee's financial obligations and continue him on probation.

The fact that the Board chose to continue Lee on parole as a result of his parole violations has no bearing on the Circuit Court's decision regarding his concomitant probation violations. In any event, the Board and the Circuit Court judge were entirely consistent in finding Lee had violated the conditions of his supervision. Only their actions in response to the violations were different.

Lee admittedly violated numerous conditions of his probation. There was a sufficient factual basis to support the

revocation. Thus, the judge did not abuse his discretion in revoking Lee's probation.

## II. Subject Matter Jurisdiction

■ Lee argues the Circuit Court did not have subject matter jurisdiction in this matter. He asserts "there is . . . no authority given the Circuit Court to place a defendant on both probation and parole at the same time. The statute clearly envisions the situation where a defendant completes his sentence and then begins his probation. Otherwise you have the situation facing [Lee] whereby he must answer to both the Parole Board and the circuit court for the same conduct." This assertion has no merit.

■ Subject matter jurisdiction to revoke an individual's probation is conferred on the General Sessions Court by either the issuance of a probation violation warrant or the issuance of a probation violation citation and affidavit in lieu of a warrant. *State v. Felder*, 313 S.C. 55, 437 S.E.2d 42 (1993); *State v. Hutto*, 252 S.C. 36, 165 S.E.2d 72 (1968); *see also* S.C.Code Ann. § 24-21-450 (Supp.2001) (requiring issuance of probation revocation warrant before probation may be revoked); S.C.Code Ann. § 24-21-300 (Supp.2001) (permitting use of written citation and affidavit in lieu of warrant; issuance of citation or warrant during period of supervision gives jurisdiction to court and Board at any hearing on violation).

Here, Lee's five year probationary period was ordered to begin "upon release from sentence now serving, to include any early release program/supervision." On March 29, 2000, Lee was granted parole on the sentence he was serving. Therefore, his probationary period began on March 29, 2000. On May 4, 2000, during the five year probationary period, the arrest warrant for violation of probation was issued. On May 9, 2000, Lee was served with the arrest warrant for probation violation. This warrant thus conferred subject matter jurisdiction upon the court.

■ Lee argues the Circuit Court had no authority to order a sentence such as the one he received for ABIK. However, the statutory authority of the sentencing court to issue the underlying sentence could have been challenged in a motion to reconsider the sentence, on direct appeal, or as a defense to

the probation revocation proceedings. Lee made no such challenge. Thus, the sentence is the law of the case, and any lack of authority does not affect the subject matter jurisdiction of the Circuit Court to later proceed with the revocation. *See State v. Sampson,* 317 S.C. 423, 454 S.E.2d 721 (1995) (holding unappealed ruling is the law of the case).

We distinguish this case from *State v. Proctor,* 345 S.C. 299, 546 S.E.2d 673 (Ct.App.2001). Proctor appealed the order finding him in violation of probation. He was originally sentenced to five years under the Youthful Offender Act ("YOA") for a grand larceny conviction, and he received suspended sentences for both burglary and arson. His probation order for the burglary conviction stated, "the conditions of probation begin after YOA case." *Id.* at 300, 546 S.E.2d at 674. His probation order for the arson conviction stated, "the conditions of probation begin after active YOA." *Id.* While serving the five year sentence, Proctor was conditionally released from incarceration. At his probation revocation hearing, the trial judge ruled the period of probation began upon Proctor's conditional release from the YOA sentence and ran concurrently with the YOA conditional release. In reversing, this Court found that Proctor was still serving his YOA sentence while on conditional release. *Id.* at 303, 546 S.E.2d at 675. Upon his unconditional release by the Division, Proctor will begin to serve his probationary terms as provided in the probation orders. *Id.* at 303, 546 S.E.2d at 675–76. In the present case, the probation was to begin upon Lee's "release from the sentence now serving, to include any early release program/supervision." Thus, probation would begin when he was released from incarceration. In *Proctor,* however, the probation began after Proctor's unconditional release from the YOA offense, which did not coincide with his release from incarceration because that was only a conditional release from the YOA sentence.

A sentencing judge has the authority to order a probationary period to begin upon a defendant's release from incarceration on a separate charge, even if that release is the result of the defendant being paroled. Section 24–21–410 provides: "After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of a court

of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation. Probation is a form of clemency." Additionally, *"[t]he period of probation or suspension of sentence* shall not exceed a period of five years and *shall be determined by the judge of the court* and may be continued or extended within the above limit." S.C.Code Ann. § 24–21–440 (Supp.2001) (emphasis added). Sections 24–21–410 and 24–21–440 vest the sentencing judge with broad authority to determine the beginning date of a term of probation, so long as the term of the probation does not exceed five years. Because the probation did not exceed five years, there was no error by the Circuit Court.

Lee argues there is no authority given to the court to place a defendant on probation and parole at the same time. In the present case, the sentencing court only placed Lee on probation, not on parole. He was paroled by the Board in an appropriate exercise of its discretion. *See* S.C.Code Ann. §§ 24–21–610 to –710 (1989 & Supp.2001) (relating to parole and release for good conduct). Parole eligibility is not a matter within the jurisdiction of the trial court, but falls within the province of the Board of Probation, Parole, and Pardon Services. *Brown v. State*, 306 S.C. 381, 412 S.E.2d 399 (1991) (citing S.C.Code Ann. § 24–21–610 (1989)). Thus, the probation revocation was proper, as it was a separate and distinct function from that of the Board.

## CONCLUSION

Accordingly, for the foregoing reasons, the order of the Circuit Court is

**AFFIRMED.**

CURETON, J., and THOMAS, Acting Judge, concur.