PER CURIAM: Robert McKoy waived presentment on an indictment for possession 
of a stolen vehicle, pled guilty, and was sentenc

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Michael Granstrom       
Appellant.
 
 
 

Appeal From Aiken County
James R. Barber, III, Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-512 
Submitted July 1, 2003  Filed August 27, 2003 

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Daniel T. Stacey, 
 Office of Appellate Defense, of Columbia; for Appellant.
Deputy Director for Legal Services Theresa A. Knox, 
 Legal Counsel Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  Michael Granstrom was charged with larceny in Aiken 
 County in 1987.  He subsequently pled guilty to this charge and received a ten-year 
 sentence that was suspended to five years probation.  The probation matter was 
 supposedly transferred to Georgia; however, when Granstrom reported to Georgia, 
 they had not yet received his paperwork.  Subsequently, Granstrom was brought 
 before the court for a probation violation hearing.  The court found that Granstrom 
 had willfully violated the terms and conditions of his probation. The court 
 revoked six years of Granstroms suspended sentence and terminated his probation.  
 This appeal follows.  
We affirm [1] pursuant to Rule 
 220(b)(1), SCACR, and the following authorities:  State v. Hamilton, 
 333 S.C. 642, 648, 511 S.E.2d 94, 96 (Ct. App. 1999) (challenge to the validity 
 of probation revocation must be raised to and ruled upon by the revocation judge 
 to be preserved for appellate review); State v. Archie, 322 S.C. 135, 
 137, 470 S.E.2d 380, 381 (Ct. App. 1996) (the appellate court will not disturb 
 the circuit court's decision to revoke probation unless the decision was influenced 
 by an error of law, was without evidentiary support, or constituted an abuse 
 of discretion.).
 AFFIRMED.
GOOLSBY, BEATTY and KITTREDGE, JJ, 
 concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCAR.