THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
William Edward Taylor,       
Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2004-UP-021
Submitted November 19, 2003  Filed 
 January 15, 2004

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia, for Appellant. 

Deputy Director for Legal Services Teresa A. Knox, Legal Counsel 
 Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  William Edward Taylor appeals the 
 revocation of his probation, arguing the trial court erred when it considered 
 his arrest record during the revocation hearing.  We affirm. 
 [1]
FACTS AND PROCEDURAL HISTORY
Taylor was sentenced as a habitual traffic offender 
 to five years imprisonment suspended to two years imprisonment and three years 
 probation.  During his probationary sentence, a probation arrest warrant was 
 issued charging him with failing to follow his agents instructions and advice, 
 failing to report, failing to pay the public defender fund, and failing to pay 
 his supervision fees.  Taylor admitted the allegations in the warrant were true.  
 In asking for mercy from the court, Taylor said he had pretty much cleaned 
 up [his] act.  The court told Taylor it had his NCIC report and to be careful 
 not to contradict it.  When Taylor later admitted he previously had a drug problem 
 but that he had been clean now for awhile, for a couple of years now, the 
 court mentioned Taylors arrests in multiple jurisdictions while on probation.  
 At the conclusion of the hearing, the court revoked Taylors probation in full, 
 reinstating the remainder of his suspended sentence.  
LAW/ANALYSIS
Taylor argues the court erred in considering his arrest 
 record in imposing the maximum revocation.  We find no error.  
Probation is a matter of grace, rather than a right 
 and revocation is a means to enforce the terms of probation.  State v. Hamilton, 
 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999).  The decision to revoke 
 probation is addressed to the circuit courts discretion.  State v. Lee, 
 350 S.C. 125, 129, 564 S.E.2d 372, 374 (Ct. App. 2002).  This court will not 
 reverse the circuit courts revocation of probation unless the decision was 
 influenced by an error of law, lacked evidentiary support, or constituted an 
 abuse of discretion.  Taylor admitted to violating several terms of his probation.  
 State v. Knapp, 338 S.C. 541, 543, 526 S.E.2d 741, 742 (Ct. App. 2000).  
 Thus, the revocation clearly has evidentiary support.  
Additionally, the courts decision does not appear 
 to have been an abuse of discretion or the product of a legal error.  Although 
 the court mentioned Taylors arrest record, it did not do so until after it 
 had already made the determination on the record that the violations that Taylor 
 readily admitted to were substantial.  The court did not mention the arrests 
 when it announced its decision on revocation.  Our reading of the record does 
 not indicate the court considered any improper matters in its decision to revoke 
 Taylors probationary sentence in full.  
AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.