(NEEDS CAPTION)

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Charles W. Bailey       
Appellant.
 
 
 

 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2004-UP-114
Submitted December 23, 2003  Filed 
 February 24, 2004

AFFIRMED IN PART, VACATED IN PART, and REMANDED  

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, 
 for Appellant.
Deputy Director for Legal Services Teresa A. Knox, Legal Counsel 
 Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia, for Respondent.
 
 
 

 PER CURIAM:  Charles W. Bailey 
 was indicted for unlawful possession of prescription drugs and resisting arrest 
 and sentenced to an indeterminate sentence pursuant to Section 5(c) of the Youthful 
 Offender Act, suspended upon four-years probation and payment of restitution 
 in the amount of sixty dollars.  Subsequently, an arrest warrant was issued 
 against Bailey for violation of his probation.  Thereafter, the circuit court 
 revoked Baileys probation, modified the sentence from Youthful Offender to 
 an adult sentence of two-years imprisonment, and revoked the sentence in full.  
 Bailey appeals, arguing the circuit court lacked subject matter jurisdiction 
 to revoke his probation as to his conviction for resisting arrest.  We affirm 
 in part, vacate in part, and remand.
FACTUAL/PROCEDURAL BACKGROUND
Bailey was sentenced to an indeterminate sentence 
 under Section 5(c) of the Youthful Offender Act, suspended upon four-years probation 
 and payment of restitution in the amount of sixty dollars.  The sentence was 
 given in disposition of two indictments, 96-GS-46-2868, charging Unlawful Possession 
 of Prescription Drugs, and 96-GS-46-2869, charging Resisting Arrest.
Subsequently, an arrest warrant was issued 
 against Bailey for violating his probation by: 1) failing to follow the advice 
 of a probation agent; 2) failing to gain approval of an agent before moving 
 out of state; 3) failing to maintain monetary obligations; and 4) failing to 
 contact a South Carolina agent for transfer to New Hampshire, thereby  absconding 
 from the jurisdiction.  The warrant referred solely to indictment 96-GS-46-2868.  
 At the conclusion of the probation revocation hearing, the circuit court revoked 
 Baileys probation, modified the sentence from Youthful Offender to an adult 
 sentence of two-years imprisonment, and revoked the sentence in full.  The written 
 order revoking probation referred to the charges contained in both indictments.  
 Bailey appeals.
LAW/ANALYSIS
Bailey argues the circuit court lacked 
 subject matter jurisdiction to revoke his probation on indictment 96-46-GS-2869 
 because the arrest warrant only referred to indictment 96-GS-46-2868.  We agree 
 and vacate the portion of the order referring to indictment 96-46-GS-2869.  

Subject matter jurisdiction to revoke an individuals 
 probation is conferred on the General Sessions Court by either the issuance 
 of a probation violation warrant or the issuance of a probation violation citation 
 and affidavit in lieu of a warrant.  State v. Lee, 350 S.C. 125, 132, 
 564 S.E.2d 372, 376 (Ct. App. 2002); see State v. Felder, 313 
 S.C. 55, 56, 437 S.E.2d 42, 43 (1993) (South Carolina Code Ann. § 24-21-450 
 (1989), [1] requires the issuance of a probation revocation 
 warrant before probation may be revoked.  If a warrant has not been issued, 
 the trial court lacks subject matter jurisdiction to revoke probation and any 
 attempted revocation is a nullity.  South Carolina Code Ann. § 24-21-300 (1989), 
 however, permits the use of a citation and affidavit in lieu of a warrant. 
 (internal citations omitted)).
No evidence exists within the record indicating 
 an arrest warrant was issued charging Bailey with a violation of his probationary 
 sentence under indictment 96-46-GS-2869.  Furthermore, the State concedes no 
 arrest warrant was issued on that indictment.  
Thus, the circuit court lacked subject 
 matter jurisdiction to revoke Baileys probation as to indictment 96-46-GS-2869.  
 See Lee, 350 S.C. at 132, 564 S.E.2d at 376.  Accordingly, the 
 modification and revocation of Baileys sentence given in connection with indictment 
 96-GS-46-2869 by Order of Judge John C. Hayes on November 4, 2002, is hereby 
 vacated.  
Based on the arrest warrant issued, the 
 circuit court had subject matter jurisdiction to revoke Baileys probation and 
 to modify his sentence as it related to indictment 96-GS-46-2868.  However, 
 instead of modifying Baileys sentence as it related to this one charge, the 
 circuit court modified the single sentence given for both indictments at trial.  
 Thus, we remand for a determination of Baileys modified sentence relating only 
 to indictment 96-GS-46-2868.
CONCLUSION
For the foregoing reasons, the order of the circuit 
 court, revoking Baileys probation is 
AFFIRMED IN PART, VACATED IN PART, and REMANDED.  
GOOLSBY, HOWARD and KITTREDGE, JJ., 
 concurring.

 
 
 [1] Although section 24-21-450 was amended in 1991, the amendment does 
 not affect our analysis of the issue of subject matter jurisdiction.