THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Hazel Stoudemire, Appellant.
 
 
 

Appeal From Spartanburg County
 Gordon G. Cooper, Special Circuit Court Judge

Unpublished Opinion No. 2007-UP-150
Submitted April 2, 2007  Filed April 4, 2007   

AFFIRMED

 
 
 
Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Ben Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In 1995, appellant was sentenced under the Youthful Offender Act (YOA) to an indeterminate term of imprisonment not to exceed six years for grand larceny.  At the same time, appellant was also sentenced to concurrent terms of fifteen years imprisonment, suspended upon the service of five years probation, for ten counts of second degree burglary.  The probationary period was to commence after appellant served his YOA sentence.  Before the probationary period commenced, however, appellant was sentenced to life imprisonment for murder.  Because appellants commission of the offense of murder prevented him from complying with the conditions of his probation for second degree burglary, the State sought and received a revocation of his probation.  
Although appellant does not argue on appeal the precise issue he presented in the trial court, the essence of his position is that he did not willfully violate the conditions of his probation because he was incarcerated for murder.  Appellant argues, for example, he did not willfully fail to report in person to the Department of Probation, Parole and Pardon Services, which was a condition of his probation, because his incarceration for murder prevented him from doing so.  Appellants position, even if preserved, is transparently specious.  We affirm[1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  State v. McCray, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998) (noting a party cannot argue one ground at trial and another on appeal); State v. Lee, 350 S.C. 125, 130, 564 S.E.2d 372, 375 (Ct. App. 2002) (In the absence of capricious or arbitrary exercise, the discretion of the court in revoking probation will not be disturbed on appeal.); and State v. Hamilton, 333 S.C. 642, 649, 511 S.E.2d 94, 97 (Ct. App. 1999) (It is only when probation is revoked solely for failure to pay fines or restitution that a finding of willfulness is mandatory.) (emphasis in original).
 AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.