THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Michael Anthony
 Still, Appellant.
 
 
 
 
 

Appeal From Lexington County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2009-UP-618
 Submitted December 1, 2009  Filed
December 22, 2009    

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This is an appeal of Michael Anthony
 Still's probation revocation.  Still contends he made no valid waiver of the right to counsel and the right to be
 present at sentencing.  We
 affirm.
On December 3, 2007, Still
 pled guilty to aggravated stalking and received a sentence of ten years'
 imprisonment, suspended upon the service of time served and five years'
 probation.  On December 5, 2007, a warrant for his arrest was issued, alleging
 Still failed to report to a probation office immediately after his release from
 a detention center and failed to report to his mother's home in Denmark,
 staying instead at his sister's home in Swansea.  On December 8, 2007, Still
 appeared at a probation violation hearing where he was represented by two
 public defenders.  
At the hearing, Still
 explained he did not voluntarily violate the conditions of his probation but
 made a good faith effort to comply.  Still asserted he believed he could stay
 with his mother but discovered after his release that her landlord
 disapproved.   Still said he waited two days before calling the probation
 office because his sister's house lost power and she only had a cordless
 phone.  The circuit court found Still had violated his probation and ordered
 him back to jail.  However, the circuit court did not impose the sentence at
 the hearing, explaining, "I might want to get [Still] reevaluated one more
 time by a forensic psychiatrist."  Without further proceedings, the
 circuit court issued a revocation order dated December 18, 2007, reiterating
 the finding that Still violated probation, revoking his probation, and
 reinstating the remaining eight years and three hundred forty-six days of his
 suspended sentence.  
"The determination of
 whether to revoke probation in whole or in part rests within the sound
 discretion of the trial court."  State v. Allen, 370 S.C. 88, 94,
 634 S.E.2d 653, 655 (2006); S.C. Code Ann. § 24-21-460 (2007).  An appellate
 court's authority to review such a decision is confined to correcting errors of
 law unless the lack of legal or evidentiary basis indicates the circuit court's
 decision was arbitrary and capricious. State v. Williamson, 356 S.C.
 507, 510, 589 S.E.2d 787, 788 (Ct. App. 2003).
"A defendant has a
 constitutional right to be present at every stage of the criminal proceeding
 against him."  In re Dwayne M., 287 S.C. 413, 414, 339 S.E.2d 130,
 130 (1986).  In South Carolina, all persons charged with probation violations
 have a right to counsel.  Barlet v. State, 288 S.C. 481, 483, 343 S.E.2d
 620, 622 (1986); Rule 602(a), SCACR.  A probationer's right to counsel arises
 pursuant to the Due Process Clause under the Fifth and Fourteenth Amendments.  Turner
 v. State, 384 S.C. 451, ___, 682 S.E.2d 792, 794 (2009) (citing Gagnon
 v. Scarpelli, 411 U.S. 778, 790 (1973)).  The erroneous deprivation of this
 right constitutes per se reversible error.  State v. Thompson, 355 S.C.
 255, 261, 584 S.E.2d 131, 134 (Ct. App. 2003).
The question of whether a
 defendant's probation should be revoked in whole or in part is committed to the
 circuit court's sound discretion.  State v. Knapp, 338 S.C. 541, 543, 526
 S.E.2d 741, 742 (Ct. App. 2000); see also S.C. Code Ann. § 24-21-460
 (2007).  The authority of the revoking court should always be predicated upon
 an evidentiary showing of fact tending to establish a violation of conditions,
 and before revoking probation the circuit court must determine whether
 sufficient evidence established that the conditions of probation were
 violated.  State v. Hamilton, 333 S.C. 642, 648-49, 511 S.E.2d 94, 97
 (Ct. App. 1999).  
Still does not challenge the
 legality of the sentence he received at the plea hearing; rather, he contends
 the circuit court's written order of revocation was a "sentencing" to
 which he had the right of attendance and counsel.  It is uncontested Still was
 present and represented by counsel at the probation revocation hearing. 
 Accordingly, Still was afforded due process and his argument is without merit.
AFFIRMED.[1]
WILLIAMS,
 PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.