THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Brian Amburgey, Appellant.
 
 
 

Appeal From Spartanburg County
 Gordon G. Cooper, Circuit Court Judge
Unpublished Opinion No.  2010-UP-496
Submitted November 1, 2010  Filed
 November 8, 2010
REVERSED

 
 
 
 Chief Appellate Defender Robert M. Dudek, of Columbia, for
 Appellant.
 J. Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Brian Amburgey appeals the revocation of thirty days of his probationary
 sentence, arguing the circuit court erred in finding he had impermissible
 contact with a child under the age of eighteen.  We reverse[1] because the evidence adduced at the hearing does not support a
 finding that Amburgey violated a condition of his probation.  
"This
 court will not disturb the circuit court's decision to revoke probation unless
 the decision was influenced by an error of law, was without evidentiary
 support, or constituted an abuse of discretion."  State v. Archie, 322
 S.C. 135, 136-37, 470 S.E.2d 380, 381 (Ct. App. 1996).  In a probation
 revocation matter, the circuit court may abuse its discretion by entering an
 arbitrary judgment, allowing its decision to be controlled by an error of law,
 or failing to consider the particular circumstances of the case and whether the
 evidence supports its decision.  State v. White, 218 S.C. 130, 135-37,
 61 S.E.2d 754, 756-59 (1950).  Appellate courts are bound by the circuit
 court's factual findings unless the findings are clearly erroneous.  State
 v. Baccus, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  
Amburgey's
 probation was conditioned upon his "not hav[ing] contact with a person
 under the age of 18" who was not a male blood-relative.  This condition specifically
 addressed incidental contact: "If I have incidental contact with any
 child, I will be civil and courteous and immediately remove myself from the
 situation.  I will discuss the contact at my next treatment session and will
 immediately report this contact to my agent."  The record supports
 Amburgey's contention that he was unaware the child was in his home and
 therefore was unable to exercise control over his proximity to the child.  The
 child's mother testified her visit with her sister lasted approximately ten
 minutes.  Both the child's mother and the probation agent testified Amburgey
 entered the room where the child stood only after the probation agent arrived. 
 Until that time, the child's mother stated, Amburgey remained in his bedroom,
 and she and her child remained in the living room.  Accordingly, we find no
 evidence supports the circuit court's finding that Amburgey violated the terms
 of his probation.  No evidence indicates Amburgey invited the child or his
 mother to his residence or even knew they were coming.  No evidence indicated
 Amburgey's girlfriend was aware her sister and the child would come to the home. 
 No evidence indicated the child's mother was aware of Amburgey's restriction
 before his probation agent informed her.  Furthermore, the child's presence in
 Amburgey's residence was "really the only violation" the probation
 agent found.  Consequently, we find the circuit court erred in revoking thirty
 days of Amburgey's probation.  
REVERSED.
HUFF,
 KONDUROS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.