THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Eldon D. Butterfield, Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-319
 Submitted June 1, 2011  Filed June 22,
2011    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Assistant Chief Legal Counsel J. Benjamin
 Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM: Eldon
 D. Butterfield appeals the order of the circuit court revoking his probation
 and reinstating his three-year sentence.  He argues the circuit court erred
 because the order was in violation of due process and fundamental fairness. 
 Moreover, he contends the circuit court's finding of a willful violation was
 not supported by the evidence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the circuit court's
 revocation of Butterfield's probation violated due process and fundamental
 fairness: State v. Lee, 350 S.C. 125, 130, 564 S.E.2d 372, 375 (Ct. App.
 2002) ("An issue must be raised to and ruled upon by the [circuit court]
 to be preserved for appellate review.").
2.  As to whether the circuit court
 erred in finding Butterfield willfully violated his parole: S.C. Code Ann. §
 24-21-460 (2007) ("[T]he circuit [court] before
 wh[ich] such defendant may be so brought shall have the right, in [its]
 discretion, to require the defendant to serve all or a portion only of the
 [original] sentence imposed."); State v. Hamilton, 333 S.C.
 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) ("This
 court's authority to review such a decision is confined to correcting errors of
 law unless the lack of a legal or evidentiary basis indicates the circuit [court]'s
 decision was arbitrary and capricious." (citations omitted)); Lee,
 350 S.C. at 131-32, 564 S.E.2d at 376 (holding that there was a
 "sufficient factual basis to support the revocation" when appellant
 admitted to violating the conditions of his probation).
AFFIRMED.
FEW, C.J.,
 PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.