**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terry Hall, Appellant.

Appellate Case No. 2014-002066

---

Appeal From Cherokee County
R. Keith Kelly, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-133
Submitted February 1, 2016 – Filed March 16, 2016

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

General Counsel Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Terry Hall appeals an order revoking his probation and reinstating a twelve-year sentence for second-degree attempted burglary. On appeal, Hall argues the circuit court (1) erred in revoking his probation based on

two alleged convictions and an alleged arrest when the State did not present evidence to support those allegations and (2) did not have jurisdiction over Hall when the warrant for violating probation was issued.  We affirm.

The State presented sufficient evidence for the circuit court to find Hall violated a condition of his probation.  *See State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006) ("The [probation] court must determine whether the State has presented sufficient evidence to establish that a probationer has violated the conditions of his probation."); *State v. Lee*, 350 S.C. 125, 131, 564 S.E.2d 372, 375 (Ct. App. 2002) ("Once the determination is made that a probationer has violated the conditions of his probation, the circuit [court] can require the probationer to serve all or a portion of the sentence originally imposed.").  During the probation revocation hearing, Robert Ellis and Jeff Elmore testified they observed Hall with firearms on two separate occasions, which violated condition four of Hall's probation.  The violation of condition four was sufficient for the circuit court to revoke Hall's probation; thus, we decline to consider whether evidence supported the additional revocation grounds.  *See State v. Williamson*, 356 S.C. 507, 512, 589 S.E.2d 787, 789 (Ct. App. 2003) ("Having decided that the trial court did not err when it revoked Williamson's probation because of the CDVHAN charge, we need not address the additional revocation grounds.").[1]

Additionally, the circuit court had jurisdiction to revoke Hall's probation.  The sentencing sheet for the 2008 offense provided probation would be tolled until Hall completed his six-year reinstated sentence for the 2004 offense.  *See State v. Lee*, 350 S.C. 125, 132, 564 S.E.2d 372, 376 (Ct. App. 2002) (finding when the sentencing sheet indicated the defendant's probation would begin upon completion of his prior sentence, the defendant's five-year probation began on March 29, 2000, when he was paroled for a prior offense, and the May 9, 2000 arrest warrant for violating probation was issued during the probationary period and "conferred subject matter jurisdiction upon the court").  Thus, the probation period for the 2008 offense began on September 1, 2011, when Hall was released from the six-

---

[1] Hall's due process arguments were not presented to the circuit court and are not preserved.  *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *State v. Owens*, 378 S.C. 636, 638-39, 664 S.E.2d 80, 81 (2008) (finding a due process argument was not preserved when it was not raised to the trial court).

year reinstated sentence, and the August 8, 2014 probation arrest warrant was issued during the five-year probation period. Accordingly, the circuit court had jurisdiction to revoke probation.

**AFFIRMED.**[2]

**FEW, C.J., SHORT and THOMAS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.