18198

Raymond SANDERS, Respondent, v. Ellis MacDOUGALL, Director, Board of Corrections, State Penintentiary, South Carolina, Appellant

(135 S. E. (2d) 836)

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. Robert E. Kneece* and *Kneece & Kneece,* of Columbia, *for Respondent,*

April 15, 1964.

BRAILSFORD, Justice.

This is an appeal by the State from an order of the Richland County Court directing that the petitioner, Raymond Sanders, be released from imprisonment in the State Penitentiary.

On March 24, 1959, petitioner commenced the service of a sentence theretofore imposed upon him. This sentence was for a term of five (5) years, "* * * provided that upon the service of three (3) years that the balance of the aforesaid sentence be and the same is hereby suspended and that the said defendant is hereby placed on probation for a period of five (5) years. * * *"

After being confined under this sentence until December 1, 1960, petitioner was granted a parole by the Probation, Parole and Pardon Board. The "Certificate of Parole" specified that the prisoner "be paroled effective 1st day of December, 1960, * * * until the expiration of his maximum sentence, to wit March 24, 1964." The conditions of parole, printed on the back of this certificate, were accepted by petitioner, and he was released from confinement pending good behavior and subject to the conditions of parole.

On September 4, 1963, the Board issued an order purporting to revoke petitioner's parole and directing that he be returned to the "South Carolina Penitentiary to serve the remainder of the original sentence imposed by the Court. * * *" Thereupon, the petitioner sought and was granted a Writ of *Habeas Corpus,* which resulted in the

order appealed from. The Court held that the Board had no authority to order petitioner reimprisoned after the expiration of the three-year term which his sentence required him to serve and while he was entitled to freedom under a suspended sentence, unless otherwise ordered by the Court.

A prisoner upon release on parole continues to serve his sentence outside the prison walls. The word parole is used in contra-distinction to suspended sentence and means a leave of absence from prison during which the prisoner remains in legal custody until the expiration of his sentence. *Crooks v. Sanders,* 123 S. C. 28, 115 S. E. 760, 28 A. L. R. 940; *Ex Parte Anderson,* 191 Or. 409, 229 P. (2d) 633, 230 P. (2d) 770, 29 A. L. R. (2d) 1051. Every paroled prisoner remains in the legal custody of the Board and may at any time be imprisoned on its order. Section 55-614, Code of 1962. The Board is the sole judge of whether or not a prisoner has violated his parole, and is authorized to cancel any order for parole, whereupon the prisoner shall "have the status of an escaped convict, be arrested without warrant and be required to serve the part of the sentence that remains unserved." Section 55-616, Code of 1962. There is no statutory requirement that notice be given or a hearing held on the question of parole revocation.

Under Section 55-591, Code of 1962, any court of record with criminal jurisdiction is authorized to suspend the execution of a sentence, in whole or in part, and place the defendant on probation. In imposing a sentence of imprisonment, the court may require the service of a portion of the term and suspend the execution of the remainder thereof, placing the defendant on probation. *Moore v. Patterson,* 203 S. C. 90, 26 S. E. (2d) 319, 147 A. L. R. 653. The Probation, Parole and Pardon Board has no jurisdiction to revoke the suspension of a sentence and place it in execution. This can be done only by a court of competent jurisdiction before which the defendant has been

taken on a warrant charging a violation of the conditions of probation. Section 55-595, Code of 1962. The revocation of the suspension of the execution of a sentence involves the exercise of judicial discretion. *State v. White,* 218 S. C. 130, 61 S. E. (2d) 754.

The unsuspended portion of petitioner's sentence expired not later than March 24, 1962. Had he never been paroled, he would have been entitled to a discharge by that date. An order revoking parole simply restores a defendant to the status he would have occupied had this form of leniency never been extended to him. The effect of such a revocation "does not exceed or transcend the effect of the original sentence." *Johnson v. Walls,* 185 Ga. 177, 194 S. E. 380.

Petitioner's parole necessarily expired with the expiration of the unsuspended portion of his sentence, because, thereafter, there was no sentence in execution which could be served outside the prison walls, or which required his confinement when the Board revoked its prior action.

The suspended portion of petitioner's sentence never having been put in execution by a court of competent jurisdiction, and the unsuspended portion of said sentence having been duly served, the Court properly ordered that petitioner be discharged from custody.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.