515 S.E.2d 761

**John Tyler THOMPSON, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Petitioner.**

**No. 24937.**

Supreme Court of South Carolina.

Heard Jan. 21, 1999.
Decided April 19, 1999.
Rehearing Denied May 27, 1999.

William L. Todd, Senior Assistant General Counsel, and Frank L. Valenta, Jr., General Counsel, both of South Carolina Department of Public Safety, of Columbia, for petitioner.

Robert C. Childs, III, of Mitchell, Bouton, Duggan, Yokel & Childs, of Greenville, for respondent.

FINNEY, Chief Justice:

This is an action to construe the mandatory driver's license suspension portion of the felony driving under the influence (felony DUI) statute, S.C.Code Ann. § 56-5-2945 (Supp.1998). The Court of Appeals held the statutory three year suspension period following "any term of imprisonment" commenced when respondent was released from prison and began serving his probationary sentence, and that where, as here, a defendant has multiple felony DUI convictions arising out of a single accident, the legislature intended that he receive a single three year suspension. *Thompson v. South Carolina Dep't of Public Safety*, Op. No. 97-UP-552 (S.C.Ct.App. filed October 21, 1997). We granted certiorari, and now reverse.[1]

Respondent was convicted of three counts of felony DUI causing great bodily harm arising out of a single accident. He received two consecutive Youthful Offender Act sentences not to exceed six years, and a concurrent ten year sentence suspended on five years probation. The probationary sentence was to begin after service of the Youthful Offender Act

---

[1]. In addition to this case, the Court of Appeals filed three other opinions involving these issues on October 21, 1997: *Caraway v. South Carolina Dep't of Public Safety*, Op. No. 97-UP-553 (S.C.Ct.App. filed October 21, 1997); *Davis v. South Carolina Dep't of Public Safety*, 328 S.C. 578, 493 S.E.2d 871 (Ct.App.1997); and *Williams v. South Carolina Dep't of Public Safety*, Op. No. 97-UP-554 (S.C.Ct.App. filed October 21, 1997). The Department sought certiorari only in this case and *Davis* and we granted both petitions. For the reasons given in this opinion, we now overrule *Davis*.

sentences. On May 28, 1993, respondent was released from prison and began serving his five year probationary sentence. The Department notified him that his license would remain suspended until May 28, 2007: the five year probationary period, followed by three consecutive three year statutory suspensions.

Respondent then brought this declaratory judgment action to construe the mandatory driver's license suspension portion of § 56–5–2945. The circuit court upheld the Department's interpretation, but the Court of Appeals reversed. We granted certiorari to decide two issues:

(1) Whether the Court of Appeals erred in holding the phrase "term of imprisonment" in § 56–5–2945 means only the actual period of incarceration?; and

(2) Whether the Court of Appeals erred in holding the Department could not impose consecutive three year suspensions where multiple felony DUI convictions arise out of a single accident?

We find both issues were incorrectly decided by the Court of Appeals, and therefore reverse.

### A. "Term of Imprisonment"

■ The felony DUI statute provides in pertinent part:

The department shall suspend the driver's license of any person who is convicted or receives sentence upon a plea of guilty or nolo contendre pursuant to the [felony DUI] section **for a period to include any term of imprisonment plus three years.**

S.C.Code Ann. § 56–5–2945 (emphasis added).

The phrase "Term of imprisonment" has a well-established meaning in South Carolina criminal law. It is a type of criminal sentence, as distinguished from a "fine", which is a monetary sanction. *See, e.g., Jackson v. State,* 331 S.C. 486, 489 S.E.2d 915 (1997).

■ In sentencing, a trial judge may impose a term of years but "provide for a suspension of a part of such imprisonment, and the placing of the defendant on probation after serving a designated portion of the term of imprisonment." *Moore v. Patterson,* 203 S.C. 90, 26 S.E.2d 319 (1943). Probation, a suspension of the period of incarceration, is clearly part of a criminal defendant's "term of imprisonment", as is actual

incarceration, parole, and the suspended portion of a sentence, *e.g.,* *Mims v. State,* 273 S.C. 740, 259 S.E.2d 602 (1979); *Sanders v. MacDougall,* 244 S.C. 160, 135 S.E.2d 836 (1964), or "supervised furlough." *Crooks v. State,* 326 S.C. 171, 485 S.E.2d 374 (1997).

■ "Term of imprisonment" as used in § 56-5-2945 means the non-fine part of criminal sentence, and includes suspended portions, probation or parole periods, and supervised furlough. The Court of Appeals' decision limiting the meaning of the phrase to the period of actual incarceration is reversed.

### B.  Period of Suspension

■ The Court of Appeals held that respondent committed a single offense resulting in harm to more than one person. It found the legislature failed to anticipate this type of situation when it mandated license suspensions, and construed the statute to allow only a single three year suspension when a felony DUI defendant has only one accident, regardless of the number of persons injured or killed. The Department argues this was error. We agree.

First, it is simply incorrect to assert that respondent committed only a single offense—he committed only one *type* of offense. More importantly, the relevant event in the statute triggering the suspension is 'conviction', not offense or accident. Respondent has three convictions "pursuant to" § 56-5-2945, and under the plain language of the statute faces three three year suspensions.

Further, unlike the Court of Appeals, we find the legislature did consider the possibility that a defendant could injure multiple victims because the statute specifies that the driver's license suspension is mandatory upon conviction or plea. Had the legislature intended for the suspensions to be dependent upon something other than the number of convictions, the legislature would have made the operative event the 'accident' or 'incident.' The statute is silent, however, as to the Department's authority to run the suspensions consecutively.

In *Bay v. South Carolina Highway Dep't,* 266 S.C. 9, 221 S.E.2d 106 (1975), appellant was convicted of reckless homicide and leaving the scene of an accident, both convictions arising out of a single accident. Each conviction carried a mandatory license suspension, and we held that the Depart-

ment was authorized to impose these suspensions consecutively, noting: (1) nothing in the statute required the Department to make the suspensions concurrent; (2) that the fact appellant's criminal sentences ran concurrently was irrelevant to these civil suspensions; and (3) "There is nothing to indicate that [Bay] is entitled to be rewarded by having the periods of suspension run concurrently simply because he committed two offenses within a very short period of each other." *Id.*

While *Bay* is not dispositive of the issue here, we adopt its reasoning. First, the felony DUI statute does not require concurrent suspensions. Second, we do not believe respondent is entitled to be rewarded by concurrent suspensions simply because he fortuitously seriously injured three people in one accident rather than injuring each in a separate accident. It is within the Department's authority to run the mandatory license suspensions under the felony DUI statute consecutively. The Court of Appeals' holding to the contrary is reversed.

For these reasons, the decision of the Court of Appeals is REVERSED.

TOAL, MOORE, WALLER, and BURNETT, JJ., concur.