546 S.E.2d 673

The STATE, Respondent,

v.

James D. PROCTOR, Appellant.

No. 3341.

Court of Appeals of South Carolina.

Heard Feb. 6, 2001.
Decided May 7, 2001.

James W. Boyd, of Rock Hill, for appellant.

Deputy Director for Legal Services Teresa A. Knox, Legal Counsel J Benjamin Aplin and Deborah D. Deutschmann, all of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for respondent.

CONNOR, Judge:

James D. Proctor appeals the order finding him in violation of probation. Proctor contends he was not on probation but was actively serving his sentence under the Youthful Offender Act, S.C.Code Ann. §§ 24–19–10 to –160 (1989 & Supp.2000). We reverse.

## FACTS

On December 11, 1997, James D. Proctor was sentenced to fifteen years for second degree burglary, suspended on the service of five years probation, and to twenty-five years for second degree arson, suspended on the service of five years probation. At the same time, Proctor was sentenced to five years under the Youthful Offender Act (YOA) for grand larceny.

The probation order for the burglary conviction stated, "The conditions of probation begin after YOA case." The probation order for the arson conviction stated, "The conditions of probation begin after active YOA."

While serving the five-year YOA sentence, Proctor was granted a conditional release from incarceration. In September of 1999, during Proctor's conditional release from his YOA sentence, Proctor engaged in consensual sexual activities with two minor girls. Proctor and the girls were smoking marijuana at the time. As a result, Proctor failed a mandatory drug test required by his conditional release. Proctor denied know-

ing the girls were underage, but eventually pled guilty to two counts of assault and battery of a high and aggravated nature.

At the probation revocation hearing, Proctor argued his terms of probation for the burglary and arson convictions had not yet begun. His position was that those terms of probation did not begin until he was unconditionally released from the YOA sentence. After taking the matter under advisement, the trial judge focused on the term "active" in the probation order for the arson conviction. He construed the term "active" to mean only the period of incarceration and not the time Proctor was on conditional release. Accordingly, the trial judge ruled the period of probation began upon Proctor's conditional release from the YOA sentence and ran concurrently with the YOA conditional release.

After the trial judge's ruling, Proctor conceded he had wilfully violated the terms and conditions of his probation. The trial judge found Proctor "willfully violated the terms and conditions of his probation" and ordered "a five-year revocation on both, concurrent" and terminated "the balance of the case." Proctor appeals.

## LAW/ANALYSIS

The determination to revoke probation is within the discretion of the circuit judge. *State v. Hamilton*, 333 S.C. 642, 511 S.E.2d 94 (Ct.App.1999). A reviewing court will only reverse this determination when it is based on an error of law or a lack of supporting evidence renders it arbitrary or capricious. *Id.*

Proctor contends he was still serving his YOA sentence and had not yet begun to serve either of the terms of probation under the arson conviction or the burglary conviction at the time of the probation revocation hearing. The State, like the judge at the revocation hearing, focuses on the use of the word "active" in Proctor's arson probation order. The State argues Proctor's "active" YOA sentence ended with his conditional release and Proctor began serving his consecutive probationary sentence under the arson conviction at the time of his conditional release.

Proctor was conditionally released under the YOA sentence pursuant to S.C.Code Ann. § 24–19–110 (Supp.2000). Section 24–19–110 governs the conditional release of youthful offenders and provides:

> The division may at any time after reasonable notice to the director release conditionally under supervision a committed youthful offender. When, in the judgment of the director, a committed youthful offender should be released conditionally under supervision he shall so report and recommend to the division.

> The division may regularly assess a reasonable fee to be paid by the youthful offender who is on conditional release to offset the cost of his supervision.

> The division may discharge a committed youthful offender unconditionally at the expiration of one year from the date of conditional release.

S.C.Code Ann. § 24–19–110 (Supp.2000).

■ While on conditional release, Proctor remained under the supervision of the Youthful Offender Division of the Department of Corrections (the Division). The statutory scheme created by the South Carolina General Assembly envisions a youthful offender's continued service of a YOA sentence beyond his initial, possibly temporary, conditional release. The Division's authority to revoke Proctor's conditional release is provided by statute:

> If, at any time before the unconditional discharge of a committed youthful offender, the Division is of the opinion that such youthful offender will be benefited by further treatment in an institution or other facility any member of the Division may direct his return to custody or if necessary may issue a warrant for the apprehension and return to custody of such youthful offender and cause such warrant to be executed by an appointed supervisory agent, or any policeman. Upon return to custody, such youthful offender shall be given an opportunity to appear before the Division or a member thereof. The Division may then or at its discretion revoke the order of conditional release.

S.C.Code Ann. § 24–19–150 (1989). Clearly, the Division had the authority to revoke the conditional release and incarcerate Proctor for the remainder of his YOA sentence.

In *Thompson v. South Carolina Department of Public Safety*, 335 S.C. 52, 515 S.E.2d 761 (1999), the Supreme Court explained the phrase "term of imprisonment." The Court stated, "The phrase 'Term of imprisonment' has a well-established meaning in South Carolina criminal law." *Id.* at 55, 515 S.E.2d at 763. According to *Thompson*, the phrase "term of imprisonment" includes actual incarceration, parole, the suspended portion of a sentence, probation, and supervised furlough. *Id.* at 55–56, 515 S.E.2d at 763. The Court rejected a narrow view of the phrase that would limit it to the period of actual incarceration. *Id.*

Based on the broad definition of "term of imprisonment" in *Thompson*, we find Proctor was still serving his YOA sentence while on conditional release. This view is further supported by the case law of this State which equates the conditional release of an inmate to the parole of an inmate.

In *Crooks v. Sanders*, 123 S.C. 28, 115 S.E. 760 (1922), the Supreme Court likened the parole of an inmate to a conditional release. The Court stated, "To attribute to the word 'parole' the meaning of a conditional release from imprisonment which does not suspend the running of the prisoner's sentence is entirely in accord with the etymology of the word." *Id.* at 34, 115 S.E. at 762. In *Sanders v. MacDougall*, 244 S.C. 160, 135 S.E.2d 836 (1964), the Court held, "A prisoner upon release on parole continues to serve his sentence outside the prison walls. The word parole is used in contra-distinction to suspended sentence and means a leave of absence from prison during which the prisoner remains in legal custody until the expiration of his sentence." *Id.* at 163, 135 S.E.2d at 837.

For the foregoing reasons, Proctor was still serving his YOA sentence and will continue to serve that sentence until he is unconditionally released by the Division.[1] Upon his unconditional release by the Division, Proctor will begin to serve his probationary terms as provided in the probation orders.

---

1. As further proof that Proctor was not yet on probation, we take note that no evidence was presented showing Proctor had been assigned a probation agent. Additionally, the State admitted that Proctor's restitution hearing required by the probation orders had not been scheduled because Proctor "was serving an active YOA sentence."

Accordingly, the trial judge's determination Proctor was concurrently serving his YOA sentence on conditional release and serving his probationary sentence was an error of law. Based on this error of law, the trial judge improperly found Proctor in violation of his probation. Therefore, the order of the lower court is

**REVERSED.**

HUFF and HOWARD, JJ., concur.