THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
George Odell Means,       
Appellant.
 
 
 

Appeal From Spartanburg County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-569
Submitted July 15, 2003  Filed September 
 30, 2003

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, Office of Appellate Defense, 
 of Columbia, for Appellant.
Deputy Director for Legal Services Theresa A. Knox, Legal Counsel Tommy Evans, 
 Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia, for Respondent.
 
 
 

PER CURIAM: George Odell Means appeals from 
 the revocation of his probation, arguing the trial court did not have enough 
 information before it to find that he willfully violated the terms of his probation.  
 We affirm [1] pursuant to Rule 
 220, SCACR, and the following authorities:  S.C. Code Ann. § 24-21-460 (Supp. 
 1997) ([T]he court within the venue of which the violation occursmay revoke 
 the probation or suspension of sentence);  State v. Conyers, 326 S.C. 
 263, 266, 487 S.E.2d 181, 183 (1997) (holding that an issue must be raised to 
 and ruled upon by trial judge to be preserved for appellate review); State 
 v. White, 218 S.C. 130, 135-36, 61 S.E.2d 754, 756 (1950) (stating that 
 review must be determined in accordance with principles governing exercise of 
 judicial discretion); State v. Proctor, 345 S.C. 299, 301, 546 S.E.2d 
 673, 674 (Ct. App. 2001)(finding the decision to revoke probation is addressed 
 to the discretion of the circuit judge); State v. Hamilton, 333 S.C. 
 642, 649, 511 S.E.2d 94, 97 (Ct. App. 1999)(holding a finding of willfulness 
 at a probation violation hearing is mandatory only when revocation is based 
 solely on the defendants failure to pay fines or restitution); State v. 
 Archie, 322 S.C. 135, 136, 470 S.E.2d 380, 381 (Ct. App. 1996)(stating this 
 court will not disturb a decision to revoke probation unless the decision was 
 influenced by an error of law, was without evidentiary support, or constituted 
 an abuse of discretion). 
AFFIRMED.
HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 [1]   We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.