THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Kenneth Boynton,       
Appellant.
 
 
 

Appeal From Richland County
Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2003-UP-604
Submitted August 20, 2003  Filed October 20, 2003 

AFFIRMED

 
 
 
Robert W. Mills, of Columbia, for Appellant.
Deputy Director for Legal Services Theresa A. Knox, Legal 
 Counsel Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  Kenneth Boynton was charged 
 with violating the terms of his probation in that he willfully failed to follow 
 the advice of his supervising agent, he was in possession of a pistol, he associated 
 with persons having criminal records, and he has failed to pay both the required 
 supervision fees and court ordered fees.  The trial judge found by a preponderance 
 of the evidence that Boynton was in possession of the pistol and in violation 
 of his probation.  Boynton appealed, and we affirm [1] pursuant to Rule 220, SCACR, and the following 
 authorities:  S.C. Code Ann. § 24-21-460 (Supp. 1997) ([T]he court within the 
 venue of which the violation occursmay revoke the probation or suspension of 
 sentence); State v. Shumate, 276 S.C. 46, 47, 275, S.E.2d 288, 288 (1981) 
 (A defendants failure to timely object to or seek modification of his sentence 
 in the trial court precludes him from presenting his objection for the first 
 time on appeal.); State v. White, 218 S.C. 130, 135-36, 61 S.E.2d 754, 
 756 (1950) (stating that review must be determined in accordance with principles 
 governing exercise of judicial discretion); State v. Lee, 350 S.C. 125, 
 129, 564 S.E.2d 372, 374 (Ct. App. 2002) (stating, in the context of a probation 
 revocation hearing, [a]n issue must be raised to and ruled upon by the trial 
 judge to be preserved for appellate review.); State v. Proctor, 345 
 S.C. 299, 301, 546 S.E.2d 673, 674 (Ct. App. 2001) (The determination to revoke 
 probation is within the discretion of the circuit judge.); Wilson v. Walker, 
 340 S.C. 531, 540, 532 S.E.2d. 19, 23 (Ct. App. 2000) (Deciding whether to 
 grant or deny a motion for continuance rests within the sound discretion of 
 the trial court, and a appellate court will not reverse the trial court absent 
 a showing of abuse of discretion); State v. Archie, 322 S.C. 135, 136, 
 470 S.E.2d 380, 381 (Ct. App. 1996) (finding that an appellate court will not 
 disturb a decision to revoke probation unless the decision was influenced by 
 an error of law, was without evidentiary support, or constituted an abuse of 
 discretion).
AFFIRMED.
HEARN, C.J., ANDERSON and CURETON,
JJ., concur.

 
 [1]   We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.