726 S.E.2d 5

**The STATE, Respondent,**

v.

**Joey ELLIS, Appellant.**

**No. 27127.**

Supreme Court of South Carolina.

Heard Feb. 7, 2012.
Decided May 16, 2012.

Appellate Defender Breen Stevens, of South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

John Benjamin Aplin, of South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

Chief Justice TOAL.

Joey Ellis (Appellant) appeals the circuit court order revoking and terminating his probation. Appellant argues that the circuit court lacked subject matter jurisdiction because the probation violation warrant was not issued during the term of his probation. We disagree.

## FACTUAL/PROCEDURAL HISTORY

On March 4, 1997, Appellant pled guilty to burglary in the second degree, and attempted burglary in the second degree.[1]

---

1. Appellant asserts that he pled guilty to grand larceny and was sentenced to an indeterminate sentence not to exceed six years under the

The court sentenced Appellant to an indeterminate sentence not to exceed six years pursuant to the Youthful Offender Act (YOA) for the burglary in the second degree conviction. The court also sentenced Appellant to fifteen years' imprisonment, suspended upon the service of five years' probation, for the attempted burglary in the second degree conviction. Appellant was released from YOA custody and placed on conditional release supervision in December 1997.[2] On October 19, 2004, Appellant's YOA conditional release supervision ended, and the Department of Probation, Parole, and Pardon Services (DPPPS) began supervising Appellant on his five year term of probation.

On February 15, 2008, DPPPS issued a citation alleging Appellant violated his probation in the following respects:
[Appellant] has willfully violated conditions 1, 7, 9, 10 and special conditions of his probationary sentence in the following particulars; By [sic] failing to report for an office visit since 11/08/07 having missed his visits scheduled for 12/12/07, 01/02/08, 01/09/08 and 02/06/08. By being $70.00 in arrears on supervision fees; By [sic] being $2,131.00 in arrears on court ordered restitution leaving an unpaid balance of $3,904.19.

On April 28, 2008, DPPPS issued an arrest warrant charging Appellant with an additional violation, "The offender has failed to follow the advice of his supervising agent in that he failed to report for his General Sessions Court hearing on April 24, 2008 at 2:00 p.m. as instructed to do so in writing on February 15, 2008."

On October 20, 2008, Appellant appeared in court and argued that he could not have violated the conditions of his probation as alleged, because the term of probation had already expired pursuant to the sentence imposed by the sentencing judge in 1997. According to Appellant, his proba-

---

Youthful Offender Act. However, the Record does not contain any documentation regarding this charge.

**2.** As Appellant's Brief notes, transcript references state that Appellant was released on YOA conditional release supervision in December 1997. However, documentation accompanying his notice of appeal states that he was released on YOA conditional release supervision on March 24, 1998. The use of either date has no effect on this Court's analysis.

tion for the second degree burglary charge should have started upon commencement of his YOA conditional release in December 1997 and not the conclusion of the YOA sentence in October 2004. In other words, Appellant asserted that the YOA sentence and his term of probation ran concurrently. The court disagreed, finding that Appellant was still on probation and subject to the charged violations. The court then terminated Appellant's probation and re-instated five years of the suspended sentence. Appellant filed a timely notice of intent to appeal this probation revocation. This Court certified the appeal pursuant to Rule 204(b), SCACR.

## ISSUE PRESENTED

Did the circuit court err in revoking Appellant's probation?

## STANDARD OF REVIEW

The decision to revoke probation is addressed to the discretion of the circuit court judge. *State v. White,* 218 S.C. 130, 135, 61 S.E.2d 754, 756 (1950). This Court's authority to review the findings of a lower court on this issue is confined to the correction of errors of law, unless it appears that the action of the circuit court amounted to a manifest abuse of discretion. *Id.*

## LAW/ANALYSIS

Appellant argues that the circuit court erred as a matter of law in revoking his probation because the probation violation warrant was not issued during Appellant's term of probation, and thus the circuit court was without subject matter jurisdiction. We disagree.

A trial judge may impose a term of years but provide for a suspension of a part of the imprisonment, and place the defendant on probation after a designated portion of the term of imprisonment is served. *Thompson v. S.C. Dep't of Pub. Safety,* 335 S.C. 52, 55, 515 S.E.2d 761, 763 (1999). "Probation, a suspension of the period of incarceration, is clearly part of a criminal defendant's 'term of imprisonment,' as is actual incarceration, *parole,* and the suspended portion of a sentence." *Id.* (citation omitted) (emphasis added). The

term parole means a conditional release from imprisonment and *does not* suspend the running of the prisoner's sentence. *Crooks v. Sanders, Superintendent of State Penitentiary,* 123 S.C. 28, 34, 115 S.E. 760, 762 (1922).

In *Thompson v. South Carolina Department of Public Safety,* 335 S.C. 52, 515 S.E.2d 761 (1999), this Court addressed whether the phrase "term of imprisonment" meant only the actual period of incarceration. The defendant, John Thompson, was convicted of three counts of felony DUI and received two consecutive YOA sentences not to exceed six years, and a concurrent ten year sentence suspended upon service of five years' probation. *Id.* at 54, 515 S.E.2d at 762. The probationary sentence was to begin following service of the YOA sentences. *Id.* at 54–55, 515 S.E.2d at 762. On May, 18, 1993, Thompson was released from prison and began serving his five year probationary sentence. *Id.* DPPPS notified Thompson that his license would remain suspended until May 28, 2007—the five year probationary period, followed by three consecutive three year statutory suspensions. *Id.*

The felony DUI statute provides in pertinent part, "The Department of Motor Vehicles must suspend the driver's license of any person who is convicted or receives sentence upon a plea of guilty or nolo contendere pursuant to the [felony DUI] section for a period to include any *term of imprisonment* plus three years." S.C.Code Ann. § 56–5–2945 (2006) (emphasis added). Thompson brought a declaratory judgment action seeking to construe the phrase "term of imprisonment." *Thompson,* 335 S.C. at 55, 515 S.E.2d at 762. The court of appeals held that the term meant only the actual period of incarceration, and this Court reversed. *Id.*

This Court explained the relationship between incarceration, probation, and parole:

In sentencing a trial judge may impose a term of years but provide for a suspension of a part of such imprisonment, and the placing of a defendant on probation after serving a designated portion of the term of imprisonment.... Probation, a suspension of the period of incarceration, is clearly part of a criminal defendant's term of imprisonment, *as is*

*actual incarceration, parole, and the suspended portion of a sentence, or supervised furlough.*

*Id.* at 55–56, 515 S.E.2d at 763 (citation omitted) (emphasis added).

In *Crooks v. Sanders, Superintendent of State Penitentiary,* 123 S.C. 28, 115 S.E. 760 (1922), this Court cited with approval a definition of parole adopted by the Supreme Court of Indiana.

During that time he was out on parole he *was not a free citizen;* he was, as we have seen, still a prisoner, and notwithstanding his prison bounds were not so contracted as the prison bounds of an insolvent debtor, at the time our laws recognized imprisonment for debt, still he was given prison bounds ... All the consequences of the judgment were upon him, except that he had leave of absence from prison.

*Id.* at 36, 115 S.E. at 763 (citing *Woodward v. Murdock,* 124 Ind. 439, 24 N.E. 1047, 1048 (1890)) (emphasis added).

▆ In 1997 Appellant was sentenced under the YOA to an indeterminate sentence not to exceed six years, and on December 19, 1997, he was released on YOA parole. The sentencing judge's order simply stated, "Probation to begin after sentence now serving." Based on the plain language of the order, and pursuant to *Thompson* and *Crooks,* Appellant's sentence ended following the conclusion of his parole and entire YOA sentence on October 19, 2004. The probation term set to begin following a "sentence now serving" began at that time and would end no earlier than October 19, 2009. DPPPS issued a citation alleging Appellant violated his probation on February 15, 2008, followed by a probation revocation warrant on April 28, 2008. Both of these documents granted the circuit court the authority to revoke Appellant's probation.[3],[4] *See State v. Felder,* 313 S.C. 55, 57, 437 S.E.2d 42, 43

---

3. Circuit courts gain the authority to revoke a defendant's probation through issuance of a probation revocation warrant pursuant to section 24–21–450 of the South Carolina Code or through the use of a citation and affidavit in lieu of a warrant pursuant to section 24–21–300 of the South Carolina Code. S.C.Code Ann. § 24–21–450 (2007); S.C.Code Ann. § 24–21–300 (2007); *Felder,* 313 S.C. at 56–57, 437 S.E.2d at 43. Our past jurisprudence has spoken to the issue of whether the warrant or citation confers subject matter jurisdiction on the revoking court.

(1993) ("South Carolina Code Ann. § 24–21–300 (1989), however, permits the use of a citation and affidavit in lieu of a warrant.").

Appellant urges this Court to adopt the reasoning of *State v. Lee,* 350 S.C. 125, 564 S.E.2d 372 (Ct.App.2002). In that case, the court of appeals ruled that a circuit court had validly placed a defendant on both probation and parole. The defendant, Lee, was sentenced to ten years' imprisonment, suspended upon the service of five years' probation. *Id.* at 127, 564 S.E.2d at 373. The judge ordered Lee's probation to begin "upon ... release from sentence now serving, to include any early release program/supervision." *Id.* Lee was later pa-

---

*See Felder,* 313 S.C. at 56, 437 S.E.2d at 43. Section 24–21–300 states that the "issuance of a citation or warrant during the period of supervision gives jurisdiction to the court ... at any hearing on the violation." S.C.Code Ann. § 24–21–300 (2007). However, subject matter jurisdiction refers to the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *State v. Gentry,* 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005). The circuit court clearly has subject matter jurisdiction to adjudicate probation violation revocations. *See* S.C. Const. Art. 1, § 11 (stating that the circuit court is the general trial court with original jurisdiction in civil and criminal matters). Thus, citations and warrants simply confer authority on those courts already in possession of jurisdiction.

4. We note that Appellant's YOA conditional release ended on October 19, 2004, which was seven years after the YOA sentence was originally imposed. According to section 24–19–50 of the South Carolina Code, Appellant's period of custody under the YOA could not exceed six years. S.C.Code Ann. § 24–19–50 (2007). Thus, it appears that Appellant's YOA sentence should have ended on March 4, 2003, and that he spent an additional nineteen months under the restrictions of his YOA sentence than section 24–19–50 allows. Consequently, Appellant's probationary sentence would have concluded in March 2008, instead of October 2009. Nevertheless, the Record does not reflect that Appellant contested the validity of that conditional release in the current action. Thus, it is not properly preserved for review. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.") (citation omitted). However, even if Appellant had successfully argued this point, this factual anomaly has no effect on the circuit court's authority to revoke Appellant's probation. If Appellant's YOA sentence ended in March 2008, the April 2008 probation revocation warrant would not have been issued during Appellant's term of probation. However, the February 2008 citation would have still been issued during the term of probation, and conferred revocation authority on the circuit court.

roled, and began his probation that same day. *Id.* at 128, 564 S.E.2d at 374. Subsequently, Lee was charged with violating various conditions of his parole and probation. *Id.* Following a hearing, the circuit court terminated Lee's probation and revoked three years of the original ten year suspended sentence. *Id.*

Lee appealed the decision, and argued that the circuit court lacked authority to place a defendant on both probation and parole at the same time. *Id.* at 132, 564 S.E.2d at 376. According to the court of appeals, the phrase "release from sentence now serving, to include any early release program/supervision," meant that Lee's probation would begin when he was released from incarceration. *Id.* at 133, 564 S.E.2d at 376. Thus, his probation and parole ran simultaneously. Appellant seeks to draw a parallel between the "sentence now serving" language of his own probation order, and that found in *Lee.*

■ According to Appellant, his probation should have begun following his release from actual incarceration in 1997, and thus his five year term of probation would have expired in 2002, six years prior to the circuit court obtaining the authority to revoke his probation. However, the court of appeals' reasoning in *Lee* is incompatible with this Court's prior holdings that a defendant's sentence does not end with his mere release from physical incarceration in the event he is placed on parole or supervised release. *See Thompson,* 335 S.C. at 55, 515 S.E.2d at 763; *see also Crooks,* 123 S.C. at 36, 115 S.E. at 760. A defendant's release from a sentence does not mean his mere release from physical custody. Thus, a term of probation set to begin upon completion of a term of imprisonment, cannot begin simply due to a defendant's parole or supervised release from incarceration absent a specific and valid order from the sentencing court that the term of probation is to run *concurrently* with the defendant's parole.[5]

5. This holding should not be interpreted to allow the circuit court to impose probation to run concurrently with parole when statutory provisions or this Court's prior rulings hold otherwise. For example, in *State v. Dawkins,* 352 S.C. 162, 573 S.E.2d 783 (2002), this Court interpreted section 24–21–560 of the South Carolina Code to mean that defendants convicted of no-parole offenses are placed in a community supervision program (CSP) upon their release. S.C.Code Ann. § 24–

Appellant's sentence of probation for his attempted burglary in the second degree conviction began after his parole concluded for his conviction for burglary in the second degree, and not following his release from incarceration. Thus, the circuit court did not abuse its discretion in revoking Appellant's probation.

**AFFIRMED.**

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

21–560 (2007). This Court found that the General Assembly intended that program to serve as a more stringent term of probation for these offenders, in lieu of normal probation. *Dawkins,* 352 S.C. at 167, 573 S.E.2d at 785. Thus, a circuit court could not, in this instance, order a defendant to serve probation concurrently with CSP.