**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Curtis Gerald, Appellant.

Appellate Case No. 2011-201786

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2013-UP-143
Submitted March 1, 2013 – Filed April 10, 2013

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006) ("The determination of whether to revoke probation in whole or part rests within the sound discretion of the trial court."); *State v. Hamilton*, 333 S.C. 642, 647, 511 S.E.2d 94, 96 (Ct. App. 1999) ("This court's authority to review such a decision is confined to correcting errors of law unless the lack of a legal or evidentiary basis indicates the circuit [court's] decision was arbitrary and capricious."); S.C. Code Ann. § 24-21-300 (2007) ("The issuance of a citation or warrant during the period of supervision gives jurisdiction to the court . . . at *any* hearing on the violation." (emphasis added)); *State v. Ellis*, 397 S.C. 576, 581 n.3, 726 S.E.2d 5, 8 n.3 (2012) (stating the circuit court has subject matter jurisdiction to hear and decide probation violation revocations, and that "citations and warrants simply confer authority on those courts already in possession of jurisdiction").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.