# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Kenneth W. Workman, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2013-002789
Lower Court Case No. 2012-CP-23-02386

## ON WRIT OF CERTIORARI

Appeal From Greenville County

The Honorable C. Victor Pyle, Jr., Circuit Court Judge
The Honorable Edward W. Miller, Post Conviction Judge

Opinion No. 27514
Submitted March 19, 2015 – Filed April 15, 2015

## REVERSED AND REMANDED

Susannah Conyers Ross, of Ross & Enderlin, PA, of
Greenville, for Petitioner.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Karen Christine Ratigan, both
of Columbia, for Respondent.

**PER CURIAM:**  Petitioner seeks a writ of certiorari from the dismissal, after a hearing, of his application for post-conviction relief (PCR).  We grant the petition for a writ of certiorari, dispense with further briefing, and reverse.

## FACTUAL/PROCEDURAL BACKGROUND

In a joint trial, petitioner and codefendant Oshawn Robinson were convicted of assault and battery, conspiracy, possession of a weapon during the commission of a violent crime, and armed robbery.  After petitioner's direct appeal was dismissed pursuant to *Anders*,[1] petitioner filed an application for PCR, alleging trial counsel was ineffective in failing to object to a coercive *Allen*[2] charge and in failing to challenge the trial judge's ruling barring cross-examination of the State's witness, Timothy Wright, regarding the sentencing recommendation Wright received in exchange for testifying against petitioner and Robinson.

The PCR judge denied petitioner's application for PCR, finding (1) petitioner failed to meet his burden of proving trial counsel was ineffective in failing to object to the *Allen* charge, as the charge was not unduly coercive; and (2) petitioner was not prejudiced by trial counsel's failure to challenge the ruling barring cross-examination regarding Wright's sentence.

## ISSUES

Was trial counsel ineffective in failing to object to the *Allen* charge?

Was trial counsel ineffective in failing to challenge the ruling barring cross-examination regarding Wright's sentence?

## LAW/ANALYSIS

In South Carolina state courts, an *Allen* charge cannot be directed to the minority voters on the jury panel.  *Green v. State*, 351 S.C. 184, 194, 569 S.E.2d 318, 323 (2002).  Instead, an *Allen* charge should be even-handed, directing both the majority and the minority to consider the other's views.  *Id.*  A trial judge has a duty to urge, but not coerce, a jury to reach a verdict.  *Id.*  Whether an *Allen* charge is unconstitutionally coercive must be judged in its "context and under all the circumstances."  *Tucker v. Catoe*, 346 S.C. 483, 490-91, 552 S.E.2d 712, 716

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] *Allen v. United States*, 164 U.S. 492 (1896).

(2001). The four factors adopted by this Court in *Tucker* to determine whether an *Allen* charge is unconstitutionally coercive are:

> (1) Does the charge speak specifically to the minority juror(s)?
>
> (2) Does the charge include any language such as "You have got to reach a decision in this case"?
>
> (3) Is there an inquiry into the jury's numerical division, which is generally coercive?
>
> (4) Does the time between when the charge was given, and when the jury returned a verdict, demonstrate coercion?

At trial, victim testified two men robbed him at gunpoint. Victim identified petitioner and Robinson as his assailants after seeing their pictures on the evening news. However, a third person, Timothy Wright, pled guilty to robbing victim. Wright testified he conspired with petitioner and Robinson to rob victim and all three men robbed victim together.

The defense called an expert witness to testify regarding false identification. The expert testified to the hazards of cross-racial identification, memory development during short and traumatic events, and how memories can be influenced when there is a suggestive succeeding event, such as a news broadcast featuring pictures of the defendants.

Neither petitioner nor Robinson testified, and the jury began deliberations at 10:33 a.m. From 10:56 a.m. to 11:26 a.m., the jury re-listened to Wright's testimony. At 1:15 p.m., the jury asked the trial judge if there were three photographs displayed on the news broadcast wherein victim identified petitioner and Robinson as his assailants, or if there were photographs of only two people. The trial judge informed the jury he could not answer this question, as it pertained to the facts of the case. At 2:50 p.m., the jurors indicated they could not reach a unanimous decision. The trial judge gave an *Allen* charge, which stated in relevant part:

> Now it's been said that jury service is perhaps the highest service that a citizen can perform for his or her country during peace-time. And I certainly agree with that. *However, I tell you that a juror does not render good*

> *jury service who arbitrarily says, I know what I want to do in this case, and if and when everybody agrees with me, then we'll write a verdict.  And we will not write a verdict until that time.*
>
> . . . .
>
> I tell you that it is the duty of each of you to tell the others how you feel and why you feel that way. *However, I also tell you that if much the larger number of your panel are in favor of one particular verdict, then a dissenting [sic] juror or jurors should consider whether or not his or her or their positions is a reasonable one which makes no impression upon the minds of the majority.*
>
> *In other words, if a majority of you are for one particular form of a verdict, the minority ought to seriously ask themselves whether they can reasonably doubt the correctness of the judgment of the majority.*

(Emphasis added).  The trial judge did not charge the majority jurors to consider the positions of the minority jurors.  The trial judge concluded the *Allen* charge by stating:

> *Therefore, ladies and gentlemen, I cannot accept any report at this time that you cannot agree on a unanimous verdict in this case.  I am of the opinion that you have not deliberated sufficiently long that I could in good conscience accept that report.  And I tell you frankly it will take considerably more time before I am convinced that you cannot reach a verdict.*
>
> I therefore, humbly beseech you to return to your jury room, continue your deliberations *with the hope that you can arrive at a unanimous verdict within a reasonable time.*

(Emphasis added).  Trial counsel made no objection to the charge, and the jury returned a guilty verdict at 4:47 p.m., two hours after receiving the *Allen* charge.

In light of the four factors delineated in *Tucker*, we find the *Allen* charge given at petitioner's trial was unconstitutionally coercive. *See Tucker*, *supra* (finding an *Allen* charge violated the defendant's due process rights when the charge, viewed as a whole, was impermissibly directed at minority jurors and when the jurors returned a guilty verdict an hour and a half after receiving the charge); *State v. Williams,* 386 S.C. 503, 690 S.E.2d 62 (2010) at note 7 (cautioning trial judges against using the language "with the hope that you can arrive at a verdict" because the language could potentially be construed as coercive, as jurors are not required to reach a verdict after expressing they are deadlocked). Accordingly, we find trial counsel was deficient in failing to object to the charge.

Further, we find petitioner was prejudiced by trial counsel's deficient performance in failing to object to the unconstitutionally coercive *Allen* charge. *See Strickland v. Washington*, 466 U.S. 668, 695 (1984) (stating prejudice is defined as a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

## CONCLUSION

We find petitioner was prejudiced by trial counsel's deficient performance in failing to object to an unconstitutionally coercive *Allen* charge; accordingly, we grant the petition for a writ of certiorari, dispense with further briefing, reverse the PCR judge's denial of relief, and remand for a new trial in the criminal case.

Because we grant petitioner relief on the first issue presented, we need not address petitioner's remaining issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when disposition of prior issue is dispositive).

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**