**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Randall Wade Medlin, Appellant.

Appellate Case No. 2022-001116

―――――――――――――

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2024-UP-134
Submitted March 1, 2024 – Filed May 1, 2024

―――――――――――――

**AFFIRMED**

―――――――――――――

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia; and Susan Ranee Saunders, of Motley Rice, LLC, of Mount Pleasant, both for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

―――――――――――――

**PER CURIAM:**  Randall Wade Medlin appeals his conviction for third-degree criminal sexual conduct with a minor (CSCM) and sentence of fifteen years' imprisonment suspended upon the service of six years' imprisonment and four years' probation.  On appeal, he argues the trial court erred by (1) denying his motion to sever the charges against him; (2) delivering an unconstitutionally coercive *Allen*[1] charge to the jury; and (3) denying his motion for a directed verdict.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court properly denied Medlin's motion to sever the charges against him because the charges arose out of the same chain of circumstances, were proved by the same evidence, were of the same general nature, and Medlin was not prejudiced by joinder of the charges.  *See State v. Halcomb*, 382 S.C. 432, 438, 676 S.E.2d 149, 152 (Ct. App. 2009) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Tucker*, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996) ("A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown."); *id.* ("Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced."); S.C. Code Ann. § 16-3-655(C) (2015) (stating a person is guilty of third-degree CSCM if "the actor is over fourteen years of age and the actor willfully and lewdly commits or attempts to commit a lewd or lascivious act upon or with the body, or its parts, of a child under sixteen years of age, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [themselves] or [a] child").

2.  We hold the trial court's *Allen* charge was not unconstitutionally coercive because the trial court addressed both minority and majority jurors, directed the jury to not reveal its numerical division during the initial jury charge, instructed the jurors to not give up their "firmly held beliefs merely to be in agreement" with the other jurors, and explained it could declare a mistrial if the jury could not agree on a verdict.  Further, although the record on appeal does not indicate how much time passed between the *Allen* charge and the jury's verdict, the verdict was likely delivered no more than five hours after the charge.  *See Workman v. State*, 412 S.C. 128, 130, 771 S.E.2d 636, 638 (2015) ("Whether an *Allen* charge is unconstitutionally coercive must be judged in its 'context and under all the circumstances.'" (quoting *Tucker v. Catoe*, 346 S.C. 483, 490-91, 552 S.E.2d 712, 716 (2001))); *Tucker*, 346 S.C. at 490-95, 552 S.E.2d at 716-18 (explaining the

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).

factors a court uses to analyze whether an *Allen* charge is coercive are (1) whether the charge spoke specifically to minority jurors; (2) whether the trial court included in his charge any language such as "You have got to reach a decision in this case"; (3) whether there was an inquiry into the jury's numerical division; and (4) the timing of the returned verdict after the *Allen* charge).

3.  We hold the trial court did not err in denying Medlin's motion for a directed verdict because, when viewed in the light most favorable to the State, direct and substantial circumstantial evidence reasonably tended to prove Medlin's guilt.  *See State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Rogers*, 405 S.C. 554, 563, 748 S.E.2d 265, 270 (Ct. App. 2013) ("If there is any direct evidence, or if there is substantial circumstantial evidence, that reasonably tends to prove the defendant's guilt, we must find the trial court properly submitted the case to the jury.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.